IN THE UNITED STATES BANKRUPCTY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JON CHRISTIAN AMBERSON, P.C., *Plaintiff* | § § § |
| v. | § § |
| JAMES ARGYLE MCALLEN, EL RUCIO LAND AND CATTLE COMPANY, INC., SAN JUANITO LAND PARTNERSHIP, LTD., AND MCALLEN TRUST PARTNERSHIP, *Defendants* | § § § § § § § § § |
| v. | § § |
| JON CHRISTIAN AMBERSON AND AMBERSON NATURAL RESOURCES, LLC, *Third Parties* | § § § § § |

Adv. Proc. No. 20-_____

## NOTICE OF REMOVAL

Third Party Amberson Natural Resources LLC ("ANR"), by its attorneys, hereby files this Notice of Removal (the "Notice of Removal") pursuant to 28 U.S.C. § l452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the United States Bankruptcy Court for the Southern District of Texas (the "SDTX Bankruptcy Court" or this "Court"), and thereafter for transfer to the United States Bankruptcy Court for the Western District of Texas (the "WDTX Bankruptcy Court"), to be heard in connection with that certain bankruptcy case pending as *In re Amberson Natural Resources LLC*, Case No. 20-53102 (the "ANR Bankruptcy Case"). The grounds for removal include:

1.      ANR is a party to litigation in the 92nd District Court for Hidalgo County, Texas (the "Texas State Court"), Cause No. C-0340-15-A (the "State Court Action"). A copy of the

complaint and all other pleadings on file in the State Court Action will be filed as an appendix immediately following the filing of the notice of removal.

2. On July 20, 2020 (the "Petition Date"), ANR filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the WDTX Bankruptcy Court, which initiated the ANR Bankruptcy Case.

3. In the State Court Action, third-party and cross-plaintiffs seek, inter alia, declaratory judgment and injunctive relief that certain property membership interests ANR owns must be "returned" to third-party and cross-plaintiffs.

4. Section 1452 of Title 28 provides, in part, that a party may remove any claim or cause of action in a civil action to the district court if such district court has jurisdiction pursuant to section 1334 of Title 28. In turn, Section 1334(b) of Title 28 provides, in pertinent part, that a district court's jurisdiction extends to those civil proceedings that "arise under," "arise in" or are "related to" a case filed under the Bankruptcy Code.

5. The State Court Action is subject to removal pursuant to the jurisdiction of the United States District Courts over civil proceedings arising in, arising under, or related to cases under 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). 28 U.S.C, §§ 1334(b) and 1452 and the referral of such proceedings to this Court by standing order of reference.

6. The State Court Action arises in, arises under, or otherwise is related to the Bankruptcy Case and is therefore removable under 28 U.S.C. § 1452, because, inter alia, on the Petition Date, ANR's property, including any membership interests it owns, became property of ANR's bankruptcy estate. *See* 11 U.S.C. §§ 362(a)(1), (3) & 541. All other parties were stayed from continuing to pursue claims against ANR. *See* 11 U.S.C. § 362(a). All other parties were also stayed from continuing to pursue claims against Jon Christian Amberson, the plaintiff and cross-

defendant, because the third-party and cross-plaintiffs seek a determination that ANR is the alter ego of Jon Christian Amberson. *See* 11 U.S.C. § 362(a)(1), (3); *In re S.I. Acquisitions, Inc.*, 817 F.2d 1142, 1153 (5th Cir 1987) (finding that alter ego claims are property of the corporation's bankruptcy estate). This litigation cannot meaningfully continue outside the WDTX Bankruptcy Court without the WDTX Bankruptcy Court's permission. See Fed. R. Bankr. P. 9027; 11 U.S.C. § 362(d).

7. As a result, ANR removes the State Court Action to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 pursuant to the jurisdiction of this Court under 28 U.S.C. § 1334(b), as a civil proceeding arising under Title 11 or arising in or related to cases under Title 11, namely, the ANR Bankruptcy Case.

8. Matters "arising under" or "arising in" bankruptcy cases are core proceedings. *See* 28 U.S.C. § 157(b)(l). The State Court Action is within the WDTX Bankruptcy Court's "core" jurisdiction within the meaning of 28 U.S.C. § 157(b)(1) and (2), because it seeks a determination of the validity and value of third-party and cross-plaintiffs' claims against ANR. See 28 U.S.C. § 157(b)(2)(B). The resolution of the State Court Action will seriously affect the assets available to ANR's bankruptcy estate for distribution to creditors. See 28 U.S.C. § 157(b)(2)(O). The State Court Action further affects the administration of ANR's bankruptcy estate and seeks to adjust the debtor-creditor and debtor-equity security holder relationship. 28 U.S.C. § 157(b)(2)(A), (O).

9. Even if the State Court Action is not a core proceeding, which it is, it is indisputably related to the ANR Bankruptcy Case, and thus, removal to this Court is proper.

10. This Notice of Removal is filed within 90 days after the Petition Date as required by Bankruptcy Rule 9027(a)(2). This Notice of Removal is timely under Bankruptcy Rule 9027 and 28 U.S.C. § 1452.

11. No previous notice of removal of the State Court Action has been filed in this or any other court.

12. Pursuant to 28 U.S.C. § 1452(a), assignment to this Court is proper because the State Court Action is pending in the Texas State Court. In this Court, a state court proceeding may be removed directly to the Bankruptcy Court in the division where the state court action is pending, for transfer to the court where the bankruptcy matter is pending. *See In re North American Funding Corp.*, 64 B.R. 795 (Bankr. S.D. Tex. 1986).

13. Pursuant to Bankruptcy Rule 9027, the Notice of Removal is accompanied by a copy of all process and pleadings filed in the Texas State Court Action, with the exception of any discovery material, which will be filed on the docket for this removed adversary proceeding as a separate appendix.

14. Pursuant to Bankruptcy Rule 9027(a)(l) and Local Bankruptcy Rule 9027-2, ANR hereby consents to entry of final orders or judgment by the WDTX Bankruptcy Court.

15. Upon the filing of this Notice of Removal, ANR will provide written notice of removal to Jon Christian Amberson P.C., Jon Christian Amberson, James Argyle McAllen, El Rucio Land and Cattle Company, Inc., San Juanito Land Partnership, Ltd., and McAllen Trust Partnership and to the Texas State Court. ANR will promptly file with the Texas State Court a Notice of Filing of Notice of Removal to Federal Court pursuant to Bankruptcy Rule 9027.

WHEREFORE, ANR requests that upon receipt of this removed action, the United States Bankruptcy Court for the Southern District of Texas will transfer this matter to the United States Bankruptcy Court for the Western District of Texas. A separate motion to transfer venue will be filed.

Dated: July 20, 2020                    */s/ Scott D. Lawrence*
                                                      Jason M. Rudd, Tex. Bar No. 24028786
                                                      Scott D. Lawrence, Tex. Bar No. 24087896
                                                      **WICK PHILLIPS GOULD & MARTIN, LLP**
                                                      3131 McKinney Avenue, Suite 100
                                                      Dallas, Texas 75204
                                                      Telephone: (214) 692-6200
                                                      Facsimile: (214) 692-6255
                                                      jason.rudd@wickphillips.com
                                                      scott.lawrence@wickphillips.com

                                                      **PROPOSED COUNSEL FOR DEBTOR**
                                                      **AMBERSON NATURAL RESOURCES LLC**